**SEALED**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:22-cr-00092-SI |
| v. | INDICTMENT |
| RICHARD PENA, | 18 U.S.C. § 371;<br>18 U.S.C. § 2314 |
| Defendant. | Forfeiture Allegation |
| | UNDER SEAL |

THE GRAND JURY CHARGES:

### COUNT 1
(Conspiracy)
(18 U.S.C. §§ 371, 2314)

1. Beginning on or about January 1, 2021, and continuing through on or about December 22, 2021, in the District of Oregon and elsewhere, defendant **RICHARD PENA** and others, known and unknown to the grand jury, knowingly combined, conspired, confederated, and agreed together with each other to commit violations of 18 U.S.C. § 2314, that is, knowingly transporting in interstate commerce over $5,000 in stolen money.

**Manner and Means**

2. Defendant **RICHARD PENA** and others, known and unknown to the grand jury, used the following manner and means to carry out the conspiracy:

3. It was part of the conspiracy that defendant **RICHARD PENA** and his coconspirators obtained and used clothing to impersonate legitimate service employees of VICTIM COMPANY 1, a company that operates coin-cashing machines in various retail establishments.

4. It was part of the conspiracy that defendant **RICHARD PENA** and his coconspirators, while pretending to be legitimate service employees for VICTIM COMPANY 1, would access VICTIM COMPANY 1 coin-cashing machines in multiple states, including within the District of Oregon.

5. It was part of the conspiracy that defendant **RICHARD PENA** and his coconspirators would then steal bins and the coins within from VICTIM COMPANY 1's coin-cashing machines in multiple states, including within the District of Oregon. They would steal thousands of dollars in coins in each instance and often stole from multiple machines within hours of each other.

6. It was part of the conspiracy that defendant **RICHARD PENA** and his coconspirators would transport all of the stolen coins and property across state lines.

## Overt Acts

7. In furtherance of the conspiracy and to effect the objects thereof, defendant **RICHARD PENA** and his coconspirators committed the following overt acts, among others, in the District of Oregon and elsewhere:

8. Beginning on or about January 1, 2021, and continuing through in or about December 22, 2021, defendant **RICHARD PENA** and his coconspirators broke into and stole coins from VICTIM COMPANY 1's coin cashing machines, each time constituting a separate overt act.

9.   Beginning on or about January 1, 2021, and continuing through in or about December 22, 2021, defendant **RICHARD PENA** transported over $5,000 in stolen coins across state lines, each time constituting a separate overt act.

All in violation of 18 U.S.C. § 371.

### COUNT 2
### (Interstate Transportation of Stolen Property)
### (18 U.S.C. § 2314)

1.   Count 1 and all prior paragraphs of this Indictment are incorporated herein.

2.   On or about December 21, 2021, in the District of Oregon and elsewhere, defendant **RICHARD PENA** did unlawfully transport, transmit, and transfer in interstate commerce from within the State of Oregon, to Vancouver, Washington, stolen funds, that is coins stolen from VICTIM COMPANY 1's coin-cashing machines, of the value of $5,000 or more, knowing the same to have been stolen.

All in violation of 18 U.S.C. § 2314.

### FORFEITURE ALLEGATION

Upon conviction of either offense in Count 1 or 2, defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the aforesaid violations.

### SUBSTITUTE ASSETS

If any of the above-described forfeitable property listed in Counts 1 and 2, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

**Indictment**                                                                                                             **Page 3**

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described in these forfeiture allegations.

Dated: March 10th, 2022

A TRUE BILL.



OFFICIATING FOREPERSON

Presented by:

SCOTT ERIK ASPHAUG
United States Attorney

QUINN P. HARRINGTON, OSB #083544
Assistant United States Attorney