

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Quinn P. Harrington
Assistant U.S. Attorney
Quinn.Harrington@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

February 21, 2023

**VIA EMAIL**
Ryan Costello
Assistant Federal Public Defender
101 S.W. Main St., Suite 1700
Portland, OR 97204

Re:   *United States v. Richard Pena*, Case No. 3:22-cr-00092-SI
      Plea Agreement Letter

Dear Counsel:

1.   **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**: Defendant agrees to plead guilty to Count 1 of the Indictment, which charges Conspiracy in violation of 18 U.S.C. § 371.

3.   **Penalties**: The maximum sentence is 5 years' imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.

4.   **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Re: Pena Plea Agreement Letter
Page 2
2/21/2023

5.  **Elements and Factual Basis**:  In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, beginning on or about January 1, 2021, and ending on or about December 22, 2021, there was an agreement between two or more persons to commit the crime of Interstate Transportation of Stolen Property;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

The elements of Interstate Transportation of Stolen Property under 18 U.S.C. § 2314 are as follows:

First, the defendant transported stolen funds between one state and another;

Second, at the time that the stolen funds crossed the state border, the defendant knew the funds were stolen;

Third, the defendant intended to deprive the owner of the ownership of the stolen funds; and

Fourth, the money or property was of the value of $5,000 or more.

At all relevant times, Defendant was a resident in the State of Nevada.

VICTIM COMPANY 1 is a business that operates coin-cashing machines across the United States. The coin-cashing machines are often located in other businesses, such as grocery stores. Defendant agreed with others to travel to various states to steal money from numerous VICTIM COMPANY 1 machines and to transport those stolen funds across state lines.

Defendant and his co-conspirators would dress in clothing with logos and the name of VICTIM COMPANY 1. They would then break into VICTIM COMPANY 1's machines, steal the change within, and transport those funds to other locations to share the proceeds among themselves. Defendant operated this scheme in numerous states, including Nevada, Arizona, Colorado, Utah, California, Oregon, and Washington.

Specifically, in December of 2021, Defendant traveled to the State of Oregon, broke into 19 VICTIM COMPANY 1 machines in numerous cities, and stole over $130,000 dollars in change. He also caused nearly $20,000 in damages to VICTIM COMPANY 1 machines.

Defendant used a van to transport the stolen funds from Oregon. He eventually rented an additional vehicle, a U-Haul truck, that he planned to use to transport stolen funds. He rented a hotel room in Vancouver, Washington where he parked the U-Haul truck. He transported the stolen funds from Oregon to the State of Washington where he stored those stolen funds in the hotel room and U-Haul truck. He transported over $5,000 from the State of Oregon to the State of Washington on more than one occasion in December of 2021.

After his arrest on December 22, 2021, law enforcement recovered over a million stolen coins, amounting to $133,664.60, from the van, U-Haul truck, and hotel room in Vancouver, Washington.

Throughout the course of the conspiracy, Defendant caused losses to VICTIM COMPANY 1 by stealing funds and damaging their equipment in various states. Those losses totaled approximately $715,523.14.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2B1.1 is a Base Offense Level of 6, prior to adjustments.

The parties also agree to the following enhancements:

Because the loss exceeded $550,000, a 14-level increase applies pursuant to § 2B1.1(b)(1)(H)

Because the defendant relocated a fraudulent scheme to another jurisdiction to evade law enforcement, a 2-level increase applies pursuant to § 2B1.1(b)(10)(A).

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any

Re: Pena Plea Agreement Letter
Page 4
2/21/2023

criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Joint Sentencing Recommendation**: As long as defendant demonstrates an acceptance of responsibility as explained above and does not otherwise breach the agreement, the parties will jointly recommend a sentence of 48-months imprisonment.

10. **Additional Departures, Adjustments, or Variances**:

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, except as specified in this agreement.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Revised Aug. 2022

Re: Pena Plea Agreement Letter
Page 5
2/21/2023

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Restitution**: Defendant agrees that restitution in the amount of $715,523.14 is appropriate but should be reduced by the $133,664.60 that was already returned to COMPANY VICTIM 1. Defendant agrees to an award of $581,858.54 in restitution. Defendant understands and agrees that victims may request additional restitution and that ultimately the Court will decide the amount of restitution.

Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

Re: Pena Plea Agreement Letter
Page 6
2/21/2023

### Restitution

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16.   **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

///

Revised Aug. 2022

Re: Pena Plea Agreement Letter
Page 7
2/21/2023

17. **Deadline**: This plea offer expires if not accepted by 2/28/2022 at 5:00 p.m.

Sincerely,

NATALIE K. WIGHT
United States Attorney

QUINN HARRINGTON
Digitally signed by QUINN HARRINGTON
Date: 2023.02.21 20:47:24 -08'00'

QUINN P. HARRINGTON
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

3-10-23
Date

Richard Pena, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

3/10/23
Date

Ryan Costello, Attorney for Defendant