NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**QUINN P. HARRINGTON, OSB #083544**
Assistant United States Attorney
Quinn.Harrington@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:22-cr-00092-SI |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **RICHARD PENA,** | |
| Defendant. | |

### Introduction

As part of an elaborate scheme, defendant stole hundreds of thousands of dollars at dozens of stores across numerous states by stealing millions of coins from the machines of Victim Company 1.

The government asks that the Court agree with the parties and probation that 48 months is the appropriate sentence for defendant. Defendant engaged in a brazen scheme that stole

///

money from and impacted the operations of Victim Company 1.[1] However, defendant quickly accepted responsibility for all of his criminal conduct and has agreed to a lengthy prison sentence. A 48-month sentence is a sufficient, but not greater than necessary, sentence under the 18 U.S.C. § 3553(a) factors.

**Factual Background**

**A.    The Offense Conduct**

Defendant traveled the Western United States in a van. Defendant did not do so for leisure or sightseeing. His purpose was to engage in a sophisticated theft ring that began in his home base in Las Vegas, Nevada, and ended in Portland, Oregon.

Defendant targeted machines owned and operated by Victim Company 1 that allow customers to convert change into cash, gift cards, or other things of value. These machines are often located in grocery stores and other commercial establishments across the United States.

Defendant worked with others to execute the theft. Defendant impersonated an employee of Victim Company 1 by dressing in fake Victim Company 1 clothing. He would then simply walk into a store, act like he was servicing the machine, break into the machine, and then walk out with the vault containing all of the change.

This was not pocket change. Defendant typically stole thousands of dollars at each store and often hit multiple machines a day. For example, along the way to his final stop in the Portland Metropolitan area, defendant stole about $10,000 total from multiple locations in Eugene and stole around $15,000 from multiple locations in Salem.

/ / /

---

[1] The government is asking for a 48-month sentence in this case. The government presents the facts and circumstances of this offense to assist the Court in exercising its independent judgment and with the intention that the Court will agree that a sentence of 48 months is appropriate. Without any reservation, the government believes a 48-month sentence is appropriate in this case.

**Government's Sentencing Memorandum**    **Page 2**

Defendant stole even more in the Portland area. He stole relentlessly. As just a few examples from one day, December 21, 2021, he stole a little over $10,000 from a location in Hillsboro, then stole nearly $7,000 about a half hour later from another location in Hillsboro. Within the next hour, he stole nearly $3,000 from a location in Beaverton. Thirty minutes later he stole over $3,000 from a location in Tigard.

Defendant's scheme ended on December 22, 2021. Defendant was arrested after an alert grocery store employee noticed the scheme. Clark County Sheriff's Deputies arrested defendant after a brief foot pursuit. The Clark County Sheriff's Deputies quickly discovered more than defendant's van. They obtained warrants to search other locations that showed the scope of defendant's criminal conduct.

Defendant's van contained the clothes he would wear when stealing from the machines.

 

Defendant rented a U-Haul that he parked at his hotel in Vancouver, Washington. The U-Haul contained numerous vaults stolen from Victim Company 1 machines.

**Government's Sentencing Memorandum**                                                                                                    Page 3



But the hotel room had it all. Vaults from the machines, defendant's tools, and notes and other evidence of the scheme. The room also contained laundry baskets and bags full of change.



**Government's Sentencing Memorandum**                                                                                     **Page 4**




Law enforcement used a machine to count the change. At the time of his arrest, and between his vehicles and hotel room, defendant possessed over 1.5 million stolen coins totalling $133,664.60. Unfortunately, law enforcement did not recover everything defendant stole across other states and at other times. Defendant admitted in his plea agreement that he was involved in theft and damage to machines totalling $715,523.14.

### B. The Charges

Defendant was charged in an indictment with one Count of Conspiracy to Transport Stolen Property, in violation of 18 U.S.C. § 371 and one Count of Transportation of Stolen Property, in violation of 18 U.S.C. § 2314.

### C. The Plea Agreement & Guideline Computations

Defendant agreed to plead guilty to Count 1, the Conspiracy charge, and in exchange, the government will dismiss Count 2 at sentencing. The government also will, subject to the limitations set forth in the agreement, recommend that defendant receive a three-level reduction

///

for acceptance of responsibility. The parties agreed to jointly recommend a sentence of 48 months of imprisonment, which is a variance from the guidelines.

The parties agree with the following Presentence Report (PSR) computations:

| Enhancement | Agreed Position |
|---|---|
| Base— <br> USSG § 2B1.1(a)(1) | 6 (not contested) |
| Loss— <br> USSG § 2B1.1(b)(1)(H) <br> more than $550,000 | 14 (not contested) |
| Relocation of a Scheme to Another Jurisdiction to Evade— <br> USSG § 2B1.1(b)(10)(A) | 2 (not contested) |
| Acceptance of Responsibility— <br> USSG § 3E1.1 | -3 (not contested) |
| Total Offense Level | 19 |
| Resulting Guideline Range (Crim History VI) | 60 Months (Statutory Maximum of 18 U.S.C. § 371) |
| **Joint Recommendation** | **48 Months** |

**Argument**

    A.    **Government's Recommended Sentence**

As discussed above, defendant engaged in a long, complicated, and expansive scheme to steal. He was successful and stole hundreds of thousands of dollars in change.

However, a variance to 48 months is appropriate. Defendant immediately accepted responsibility for his crimes. Shortly after his arrest, and before indictment, his counsel expressed interest in resolving the case and accepting responsibility. The parties sketched out a tentative agreement in early meetings. The only delays in this case are the result of defense counsel's (totally appropriate) efforts to resolve various other charges against defendant. Those delays are typical when dealing with numerous other districts, but it is fair to say that defendant

nearly immediately accepted responsibility for his conduct. Defendant also accepted responsibility for all of the thefts for which he was responsible, agreeing to a large restitution judgment. Combined with defendant's personal circumstances, a variance to 48 months is appropriate.

### B.   Restitution

The Court should order restitution in the amount of $581,858.54. Defendant caused $715,523.14 in losses and damages, but he did not contest the return of the $133,664.60 to Victim Company 1 immediately after his arrest. Thus, the restitution should be the net owed and total $581,858.54.

### Conclusion

Based on the foregoing, the government recommends that this Court impose a sentence of 48 months, followed by a 3 year term of supervised release, subject to the standard conditions, plus additional conditions as set forth in the PSR, and restitution in the amount of $581,858.54.

Dated: June 21, 2023               Respectfully submitted,

                                   NATALIE K. WIGHT
                                   United States Attorney

                                   */s/ Quinn P. Harrington*
                                   QUINN P. HARRINGTON, OSB #083544
                                   Assistant United States Attorney